

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2008

# Steward v. Grace

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Steward v. Grace" (2008). *2008 Decisions.* Paper 238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3632

DAVID STEWARD,

Appellant

v.

JAMES GRACE;
DISTRICT ATTORNEY OF THE COUNTY OF MONTGOMERY;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 04-CV-3587
District Judge: The Honorable Cynthia M. Rufe

Submitted Pursuant to the Third Circuit L.A.R. 34.1(a)
October 21, 2008

Before: SMITH and COWEN, *Circuit Judges*,
THOMPSON, *District Judge**

(Filed: November 13, 2008)

---

*The Honorable Anne E. Thompson, Senior District Judge for the United States District Court of New Jersey, sitting by designation.

1

OPINION

SMITH, *Circuit Judge*.

This case arises out of the very violent murder of Dr. Michael Groll. The Commonwealth of Pennsylvania charged and tried David Steward in connection with the crime. During the government's presentation of its case, Steward's counsel challenged the prosecution's witnesses and evidence. Concerned that his client might be sentenced to death because of the substantial evidence implicating Steward, counsel shifted tactics and, without consulting Steward or obtaining his consent, conceded Steward's guilt during closing argument and asked the jury to find Steward guilty of second-degree murder. Steward was convicted of first-degree murder, aggravated assault, robbery, burglary, theft by unlawful taking, possessing instruments of crime, criminal conspiracy, receiving stolen property, reckless endangerment, and carrying a firearm without a license. He was sentenced to life plus 15.5 to 45 years.

Steward's direct appeal was unsuccessful, and his conviction became final on March 2, 2002. He filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA") on a number of grounds, including the ineffective assistance of counsel. The state court dismissed his claims. Subsequently, Steward filed an application for the writ of habeas corpus in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2254. The District Court denied Steward's petition, and Steward

2

filed this timely appeal. We have jurisdiction under 28 U.S.C. § 2253, and we will affirm.

Inasmuch as we write primarily for the parties, who are familiar with this case, we need not recite additional factual or procedural background.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court considered the circumstances in which a defendant's conviction may be set aside due to the ineffective assistance of counsel.[1] A defendant must show: (1) "counsel's performance was deficient," namely that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defendant," such that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. These prongs may be evaluated as the circumstances warrant: "Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice

---

[1]Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas corpus relief only if the state court proceeding "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law…; [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Appel v. Horn*, 250 F.3d 203, 209 (3d Cir. 2001) (quoting 28 U.S.C. § 2254(d)). More specifically, a state court decision is "contrary to" clearly established federal law if it is "'substantially different from the relevant precedent.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" if: (1) "'the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts;'" or (2) "'the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Id.* (quoting *Williams*, 529 U.S. at 407).

3

component, there is no reason for a court. . . to approach the inquiry in the same order or even address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In the present case, the state court considered and adjudicated Steward's *Strickland* claim on the merits. While it did not cite to *Strickland*,[2] the court considered the correct governing legal principles. It noted that Pennsylvania law requires the defendant to prove: "(1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and, (3) he was prejudiced by counsel's ineffectiveness." Accordingly, under AEDPA, this decision must be upheld unless it is contrary to or an unreasonable application of federal law.

The state court, in its PCRA opinion, found that Steward had demonstrated neither deficient performance nor prejudice. It found that counsel's strategy "was a reasonable tactical decision given the uncontroverted evidence that easily supported a verdict of first-degree murder." It also noted that Steward "very probably would have been sentenced to death but for those tactics." Applying AEDPA's standard of review, we do not find that this analysis is contrary to or an unreasonable application of federal law. Steward appears to concede in his appellate brief that counsel's decision to admit his guilt was reasonable under the circumstances: "In the face of overwhelming evidence of guilt in a horrific

---

[2]The state court need not cite to relevant Supreme Court cases so long as it identifies the correct legal principles. *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004).

murder case, trial strategy aimed at avoiding facing a single jury with conflicting positions [of insufficient evidence during the guilt phase, but a plea for mercy at sentencing]. . . is not an illogical choice." (Br. of Appellant 33.)  Furthermore, there was overwhelming evidence of the defendant's guilt in this case—including his signed confession, his hand-drawn rendering of the victim's bedroom, a strong eyewitness identification, and ballistics evidence—such that it is unlikely the trial outcome would have been different absent counsel's concession.

Steward argues that, rather than apply *Strickland*'s two-pronged analysis, the Court must evaluate his case under *United States v. Cronic*, 466 U.S. 648, 650 (1984).  *Cronic* provides a narrow exception to *Strickland*'s prejudice requirement when "circumstances [] are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658.  In such circumstances, prejudice may be presumed.  Steward contends that counsel's concession of guilt, made without his consent, during closing argument falls under *Cronic* because counsel failed to subject the prosecution's case to meaningful adversarial testing and constructively denied him counsel.

Contrary to Steward's argument, this case need not be considered under *Cronic*.  In announcing the limited exception to *Strickland*, the *Cronic* Court cited a number of cases to demonstrate the circumstances in which prejudice may be presumed.  *Id.* at 658 n.24. The cited cases involved Sixth Amendment violations, *inter alia*, such as the

5

disqualification of the defendant's counsel of choice; a defendant wearing prison attire and shackles for the duration of his trial; jury exposure to news stories; and the admission into evidence of one co-defendant's statement, implicating the other, in a joint trial. In each of these cases, the error tainted the proceeding as a whole such that it could undermine faith in the outcome, possibly in ways that the parties could not perceive or control. An error like the present one does not fall under this rubric, however, because the error occurred at a discrete stage and only after adversarial testing failed to decrease the likelihood of a death sentence. *See Ditch v. Grace*, 479 F.3d 249, 256 (3d Cir. 2007) ("[W]e read *Cronic* in a limited fashion. . . . [A] presumption of prejudice applies only in cases where the denial of counsel would necessarily undermine the reliability of the entire criminal proceeding.").

This reading is consistent with the Court's decision in *Bell v. Cone*, 535 U.S. 685 (2002). The *Bell* Court stated that "[w]hen we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete. We said 'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.'" *Id.* at 697 (quoting *Cronic*, 466 U.S. at 659). The Court then rejected the defendant's claim, which it characterized as arguing "not that his counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole, but that his counsel failed to do so at specific points." *Id.*

For the foregoing reasons, we will affirm the District Court's judgment, denying

Steward's § 2254 petition.